UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANISE MARC, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                                Case No: 2:16-cv-579-FtM-99MRM

UBER TECHNOLOGIES, INC., AND RASIER (FL), LLC,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Compel Arbitration and Strike Class Action Allegations (Doc. #9) filed on September 6, 2016. Plaintiff filed a Response in Partial Opposition (Doc. #14) on October 12, 2016, and Defendant filed a Reply (Doc. #17) on October 28, 2016. For the reasons set forth below, Defendants' Motion is granted.

**I.**

On August 17, 2016, Plaintiff Anise Marc filed a First Amended Class Action Complaint (Doc. #8) against Defendants Uber Technologies, Inc. (Uber) and Rasier (FL), LLC (Rasier).[1] The Amended Complaint asserts claims of i) tortious interference with prospective business relations; ii) breach of contract; iii)

---

[1] Uber is a company that pays individuals to transport customers – who request and pay for a ride using Uber's smartphone application – in the driver's personal vehicle. (Doc. #8, ¶ 7.) Rasier is an Uber subsidiary. (Id. ¶ 8.)

violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.202(2) et seq.; iv) unjust enrichment; v) conversion; vi) fraud and misrepresentation; and vii) violations of Florida's Minimum Wage Law, Title XXXI, Ch. 48, Section 110 et seq. Plaintiff's proposed class is "[a]ll individuals who are currently working for or who have worked for Defendants as drivers within the State of Florida."  (Doc. #8, ¶ 40.)

Defendants now move for an order i) directing Plaintiff to arbitrate her claims pursuant to a provision (the Arbitration Provision) contained in a "Software License and Online Services Agreement" (Services Agreement or Agreement) (Doc. #9-2, pp. 13-31), whose terms Plaintiff was required to electronically accept before she could begin working for Defendants, and ii) striking the Amended Complaint's class allegations and ordering arbitration to proceed on an individual basis, in light of the Arbitration Provision's class-action waivers.

In her Response in Partial Opposition, Plaintiff "concedes that a valid arbitration agreement exists" by which she "has consented to submit her claims to arbitration," (Doc. #14, p. 1), but she opposes Defendants' request to strike the class allegations.  Without substantively addressing Defendants' claim that the Agreement expressly forecloses class arbitration, Plaintiff argues that the (non-)availability of class arbitration is an issue appropriately resolved by the arbitrator.  The sole

issue before this Court, then, is who – the arbitrator or the undersigned – should enforce the Agreement's class-action waivers.

## II.

"[A]rbitration is a creature of contract. Parties must agree to arbitrate in the first instance, and may contractually limit or alter the issues to be presented to the arbitrators, the scope of the award, and . . . the form of the award."[2] Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 843 (11th Cir. 2011). Pursuant to the Federal Arbitration Act (FAA), arbitration provisions contained in "a contract evidencing a transaction involving commerce" are presumed "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

"[T]he central or 'primary' purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 682 (2010) (citations omitted). To that end, Section 4 of the FAA authorizes parties "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition for a district court "order directing that such arbitration proceed in the manner provided for

---

[2] "[P]arties may agree to class-action waivers [in arbitration agreements]." Kaspers v. Comcast Corp., 631 F. App'x 779, 782 (11th Cir. 2015) (per curiam) (citing AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 343 (2011)). Having reviewed the Services Agreement, the Court identifies at least three such waivers provisions. (Doc. #9-2, pp. 26, 27, 29.)

in such agreement." 9 U.S.C. § 4. "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." Id. Otherwise, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."[3] Id. (emphasis added).

---

[3] First, however, the district court must ensure it has "jurisdiction under Title 28," 9 U.S.C. § 4, since the FAA "does not supply an independent basis for federal jurisdiction." Cmty. State Bank v. Strong, 651 F.3d 1241, 1252 (11th Cir. 2011). In ascertaining whether such jurisdiction exists, the "district court should 'look through' a [Section] 4 petition" to the underlying controversy. Vaden v. Discover Bank, 556 U.S. 49, 66 (2009). Where, as here, the controversy was "'embodied' in pending litigation" before the petition was filed, the court may look only to the well-pled allegations in the plaintiff's complaint. Strong, 651 F.3d at 1253 (quoting Vaden, 556 U.S. at 68 n.16). Plaintiff's Amended Complaint avers that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat 4. CAFA extends federal jurisdiction to class-action lawsuits meeting certain criteria, however, "[c]lass-action claims filed in or removed to federal court under CAFA can be dismissed for lack of jurisdiction if those claims contain frivolous attempts to invoke CAFA jurisdiction or lack the expectation that a class may be eventually certified." Wright Transp., Inc. v. Pilot Corp., No. 15-15184, --- F.3d ---, 2016 WL 6871883, at *4 (11th Cir. Nov. 22, 2016) (citation omitted). Neither party has challenged this Court's CAFA jurisdiction, and when the Court "looks through" Defendants' Motion to Compel to the allegations in the Amended Complaint, the Court sees a Rule 23 class action involving i) parties that are minimally diverse, ii) at least 100 potential members, and iii) at least $5,000,000 in controversy – that is, a controversy over which the Court has CAFA jurisdiction. See 28 U.S.C. §1332(d). As such, the Court has authority under the FAA to issue an order compelling arbitration to proceed in the manner set forth in the Services Agreement. See Dell Webb Communities, Inc. v. Carlson, 817 F.3d 867, 871 (4th Cir. 2016) (district court had jurisdiction over Section 4 petition because allegations in complaint indicated existence of CAFA jurisdiction).

Defendants' Motion seeking to compel arbitration and strike Plaintiff's class allegations pursuant to the class-action waivers in the Services Agreement's Arbitration Provision is precisely the kind of federal "petition" Section 4 authorizes. Notwithstanding, Plaintiff contends that because she agrees to arbitrate her claims, there is nothing else for this Court to do or decide; Rather, "applicable law and the arbitration agreement itself requires that all threshold decisions regarding the scope and nature of the arbitration should be left to the arbitrator and are not a matter for the Court." (Doc. #14, p. 1.)

The "applicable law" to which Plaintiff cites is a recent decision from the California Supreme Court holding that the particular arbitration agreement at issue "allocate[d] the decision on the availability of class arbitration to the arbitrator, rather than reserv[ed] it for a court." Sandquist v. Lebo Auto., Inc., 376 P.3d 506, 514 (Cal. 2016). Plaintiff argues that Sandquist applies here, since the parties' Services Agreement contains a choice of law provision selecting California law to govern interpretation of the Agreement, including the Arbitration Provision. However, California law – and Sandquist's application thereof – are irrelevant to the specific inquiry before the Court. This case, unlike Sandquist, involves a Section 4 petition filed in a federal district court, and thus all questions of arbitrability are governed by the "body of federal substantive law of arbitrability" that the FAA creates, not by state law. Moses

H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); see also Anders v. Hometown Mortg. Servs., Inc., 346 F.3d 1024, 1033 (11th Cir. 2003). Moreover, Sandquist involved an arbitration provision that was *silent* as to class arbitration.[4]

The text of FAA Section 4 and Jenkins v. First American Cash Advance of Georgia, L.L.C., 400 F.3d 868 (11th Cir. 2005), compel a different result where, like here, a party has petitioned a federal district court – not to interpret or decide anything – but simply to enforce an express prohibition on class arbitration contained in the parties' agreement. Jenkins involved an arbitration agreement containing an express class-action waiver that the plaintiff challenged as unconscionable - a contention with which the District Court agreed. In vacating that finding on appeal, the Eleventh Circuit first observed that a challenge to the validity or enforceability of an express contractual provision barring class arbitration is an issue that "may be decided by a federal court" pursuant to Section 4 of the FAA, since it "places the making of the Arbitration Agreements in issue." Id. at 877. In other words, whether to enforce an express class-arbitration

---

[4] Sandquist did acknowledge that multiple Circuit Courts of Appeals have concluded that the issue of whether an agreement that is ostensibly silent on class arbitration so permits is appropriately decided by a court. Dell Webb, 817 F.3d at 868; Opalinski v. Robert Half Int'l Inc., 761 F.3d 326, 331 (3d Cir. 2014); Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett, 734 F.3d 594, 597 (6th Cir. 2013). Neither the Supreme Court nor the Eleventh Circuit has yet decided this issue. Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2068 n.2 (2013); S. Commc'ns Servs., Inc. v. Thomas, 720 F.3d 1352, 1358 n.6 (11th Cir. 2013).

ban is a "gateway" issue of arbitrability that is presumptively for the court to resolve.  Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 181 (3d Cir. 2010); see also Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) ("[A] gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide." (emphasis added) (citation omitted)).

Parties are, of course, free to instead delegate issues of arbitrability to the arbitrator, including the "gateway issue of the enforceability of [a] class-action waiver." Emilio v. Sprint Spectrum L.P., 508 F. App'x 3, 6 (2d Cir. 2013) (per curiam).  The agreement must, however, "clearly and unmistakably [so] provide."[5] AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986); see also Carson v. Giant Food, Inc., 175 F.3d 325, 330 (4th Cir. 1999) ("[I]f contracting parties wish to let an arbitrator determine the scope of his own jurisdiction, they must indicate that intent in a clear and specific manner.").

The Services Agreement at issue here does not clearly and specifically indicate the parties' intent to have the arbitrator decide if class-action claims are authorized.  The Arbitration Provision does state that all disputes "arising out of or relating to . . . the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision

---

[5] Where parties have done so, "the district court [is] not free to decide that question for itself."  Emilio, 508 F. App'x at 6.

. . . shall be decided by an Arbitrator and not by a court or judge." (Doc. #9-2, pp. 27-28.) But a general clause committing "all disputes" to the arbitrator does "not suffice to force the arbitration of arbitrability disputes." Carson, 175 F.3d at 330. The Supreme Court's "clear and unmistakable" standard "requires more than simply saying that the arbitrator determines the meaning of any disputed contractual terms." Id. at 329.

In fact, what the Agreement's "How Arbitration Proceedings Are Conducted" section does leave clear is that "**[t]he Arbitrator shall have no authority to consider or resolve any claim or issue any relief on any basis other than an individual basis**." (Doc. #9-2, p. 29.) This specific provision unambiguously "designates a clear boundary of arbitral authority" as it relates to issues surrounding the Agreement's class-action waivers. Puleo, 605 F.3d at 183; cf. Cassan Enters., Inc. v. Dollar Sys., Inc., 131 F.3d 145 (9th Cir. 1997) ("According to California law, specific provisions of a contract trump general provisions of the contract." (citing 1 Witkin, Summary of California Law (Contracts) § 695 (9th ed. 1987 & Supp. 1996))).

In sum, because the Arbitration Provision expressly mandates that arbitration proceed on an individual basis and removes from the arbitrator's purview the ability to consider claims or issues dealing with class arbitration, and since Plaintiff has raised no objection to the validity or enforceability of the class-action waivers, this Court's only task is to order the parties to proceed

with arbitration in the individual manner set forth in the Services Agreement.  9 U.S.C. § 4; Puleo, 605 F.3d at 181-82; see also Gipson v. Cross Country Bank, 354 F. Supp. 2d 1278, 1289 (M.D. Ala. 2005) (ordering parties "to pursue arbitration in accordance with the arbitration agreement, including the prohibition against class actions," pursuant to FAA Section 4).  Defendants' Motion to Compel Arbitration and Strike Plaintiff's Class Action Allegations is, therefore, granted.  These proceedings are stayed pending the outcome of arbitration.  9 U.S.C. § 3.

Accordingly, it is hereby

**ORDERED:**

1.  Defendants' Motion to Compel Arbitration and Strike Class Action Allegations (Doc. #9) is **GRANTED**, and Plaintiff is ordered to proceed with individual arbitration of her claims.

2.  The case is hereby **stayed** pending notification by the parties that Plaintiff has exhausted arbitration and either the stay is due to be lifted or the case is due to be dismissed.

3.  The Clerk shall terminate all deadlines and administratively close the case.

**DONE and ORDERED** at Fort Myers, Florida, this 13th day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record